UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:  CV - _____

Keith A. Collick,

        Plaintiff,                                **COMPLAINT**

v.

                                                        **JURY TRIAL DEMANDED**

Apex Financial Management, LLC,

        Defendant.

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Keith A. Collick, (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Apex Financial Management, LLC, (hereinafter "Defendant"), is a debt collection agency operating from an address 1120 W. Lake Cook Road in Buffalo Grove, Illinois 60089, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to January 2008, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt with Wells Fargo.

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. During the following months, Defendant began a collection campaign that included numerous telephone calls to Plaintiff at Plaintiff's place of employment.

9. On January 2, 2008, at 11:36 a.m., Defendant attempted to contact Plaintiff by telephone in an attempt to collect the alleged debt.

10. Upon information and belief, Defendant's communication did not convey that the communication was from a debt collector.

11. Upon information and belief, on January 10, 2008, at 10:22 a.m., Defendant attempted to contact Plaintiff by telephone in an attempt to collect the alleged debt.

12. Upon information and belief, Defendant's communication did not convey that the communication was from a debt collector.

13. Defendant's debt collection agent stated, "I do have a number to call for Stacey Sullivan. I prefer that you call me and discuss this with me first." Stacey Sullivan is a woman who works with Plaintiff.

14. The conduct of Defendant in harassing Plaintiff in an effort to collect an alleged debt by not disclosing that communications were from a debt collector and threatening to take action that could not legally be taken is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(5), 1692e(11) and 1692f amongst others.

*Summary*

15. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

**TRIAL BY JURY**

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

17. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19. As a result of Defendant's foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

20. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

21. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

22. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

23. actual damages for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

24. such other and further relief as may be just and proper.

Dated:  February 27, 2008                **SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**

 s/ Mark L. Vavreck                               .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:   (612) 659-9220

**ATTORNEY FOR PLAINTIFF**